ORIGINAL

FILED
NOV 10 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ARKO EXECUTIVE SERVICES, INC.
Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 05-1193C

**COMPLAINT**

Plaintiff, Arko Executive Services, Inc., brings this action and respectfully alleges:

INTRODUCTION

1. This is a direct action to set aside the final decision of a Contracting Officer of the United States Department of State. The final decision is contained in a letter dated March 18, 2005 from the Contracting Officer, American Embassy Nicosia, of the United States Department of State, which letter was attached to an email from the Contracting Officer, dated March 23, 2005, to Plaintiff's General Counsel. A copy of the March 23 , 2005 email and the March 18, 2005 final decision letter of the Contracting Officer is appended hereto as Exhibit 1.

Jurisdiction

2. This Court has jurisdiction over this action under section 1491 of title 28 of the United States Code.

3. Plaintiff's action arises under the Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383 (codified at 41 U.S.C. §§ 601-613 (Supp. II 1978)), as amended by Pub. L. 97-164 (1982).

## The Parties

4. Plaintiff, ARKO Executive Services, Inc., is a corporation organized under the laws of Georgia and has its principal place of business at 200 Mansell Court, Roswell, Georgia 30076.

5. Defendant, the United States, by and through its American Embassy in Nicosia, Cyprus, entered into and administered Contract No. S-CY-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, which called for Plaintiff to provide guard services for the American Embassy Nicosia ("Contract").

## Factual Background

6. The Contract specified, at Clause F.4, a maximum five-year period of performance. Clause F.4 provides:

> F.4. Period of Performance.
> F.4.1. The performance of this contract is from the date of Notice to Proceed and continuing for 12 months, with four, one-year options to review. The initial period of performance includes any transition period authorized under the contract.
>
> F.4.2. The Government may extend this contract in accordance with the option clause at Subsection I.1.2, FAR Clauses Incorporated by Full Text (FAR 52.217-9, Option to Extend the Term of the Contract (Deviation), which also specifies the total duration of this contract.
>
> F.4.3 The Government may exercise the option set forth at Subsection I.1.1, "FAR 52.217-8, Option to Extend Services", within the currently ongoing period of performance or within 30 days after funds for the option become available, whichever is later.

7. FAR 52.217-8 OPTION TO EXTEND SERVICES (AUG 1989) provides:

> The Government may require continued performance of any services within the limits and at the rates specified in the contract. These rates may be adjusted only as a result of revision to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised more than once, but the total extension of performance

> hereunder shall not exceed 6 months. The Contracting Officer may exercise the option by written notice to the Contractor within the period specified in the Schedule.

The first sentence provides: "The Government may require continued performance of any services "<u>within the limits</u>" and "<u>at the rates specified in the contract</u>." (Emphasis supplied). Neither a 30-nor a 61-day extension of the performance period beyond the five-year duration of the Contract expiring March 31, 2005 is "within the limits specified in the contract." Additionally, there are no "rates specified in the contract" for the period after March 31, 2005.

8. FAR 52.217-9 OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 1989) (DEVIATION) provides:

> (a.) The Government may extend the term of this contract by written notice to the Contractor within the performance period of the contract or within 30 days after funds for the option year become available, whichever is later.
>
> (b) If the Government exercises this option, the extended contract shall be considered to include this option provision.
>
> (c) <u>The total duration of this contract, including the exercise of any options under this clause, shall not exceed five years.</u>" (Emphasis supplied).

As of March 31, 2005, the total duration of the contract was five years.

9. The Contract also contained FAR 52.237-3 CONTINUITY OF SERVICES (JAN 1991), which provides:

> (a) The Contractor recognizes that the services under this contract are vital to the Government and must be continued without interruption and that, upon contract expiration, a successor, either the Government or another contractor, may continue them. The Contractor agrees to . . . exercise its best efforts and cooperation to effect an orderly and efficient transition to a successor.

* * *

> (d) The Contractor shall be reimbursed for all reasonable phase-in, phase-out costs (i.e., costs incurred within the agreed period after contract expiration that result from phase-in, phase-out operations) and a fee (profit) not to exceed a pro rata portion of the fee (profit) under this contract.

10. The Contract (at pp. 5-18) contained 14 pages of very detailed pricing provisions. Prices are specified for each of many different Labor Categories for Standard Services as well as for Additional or Emergency Services, for Vehicles and for Reimbursable Materials for the Base Year and similarly for each of the four option years.

11. Defendant contracted with a company other than Plaintiff to provide guard services for the American Embassy Nicosia for the period following the expiration on March 31, 2005 of the five year performance period of the Contract, notwithstanding that Plaintiff had satisfactorily performed the work called for by the Contract during its five-year duration.

12. In February 2005, Plaintiffs' Executive Vice President/Chief Financial Officer inquired whether post contract services of Plaintiff would be needed by the American Embassy Nicosia, and in response to a follow up February 15, 2005 inquiry from Plaintiff, the Contracting officer advised that no post contract services would be required. A March 7, 2005 email of Plaintiff's Executive Vice President/Chief Financial Officer to the Contracting Officer stated:

> "On February 8, 2005, by letter dated February 7, 2005 to you from me, you were asked whether the Embassy would require Arko services beyond the March 31st expiration date. A reply was requested by February 15th. Notices to employees and the government regarding loss of employment that are required by Cyprus law on pain of significant liability necessitated prompt notification of Embassy requirements. You did not respond by February 15th. I sent you another email on February 15th indicating the Company presumed that your lack of response meant that no post contract services would be required and that Arko would move forward with the employee and government notices. You responded to the email and said that the Company was correct that the Embassy did not anticipate the need for post contract services. Arko proceeded to give the employees and government notice that employment with Arko would end on March 31, 2005. The notices were transmitted on or about February 28th. On March



WO 440515.1

4, 2005 at 2:00 pm you presented to our local agent Mr. Douglas Duncan a contract modification for a 1 month contract extension. . . ."

13. On March 4, 2005, the Contracting Officer tendered to Douglas Duncan, Plaintiff's Project Manager in Cypress, Modification No. 21 to the Contract, which document unilaterally purported to direct Plaintiff to extend the contractual period for 30 days, i.e., from April 1 to April 30, 2005. A copy of Modification No. 21 is appended hereto as Exhibit 2. This document cited FAR 52.217-8 OPTION TO EXTEND SERVICES (AUG 1989) as the only authorizing authority for this unilateral directive. Because Plaintiff questioned and disputed the Contracting Officer's interpretation of the Contract and the authority cited for issuance of Modification No. 21, Plaintiff viewed it necessary to engage counsel.

14. Plaintiff, through its attorney and its personnel, advised the Contracting Officer that FAR 52.217-8 OPTION TO EXTEND SERVICES (AUG 1989) did not provide authority for the issuance of Modification No. 21, i.e., it did not provide authority for the Contracting Officer to order Plaintiff to provide services subsequent to the March 31, 2005 expiration of the contract, but that FAR 52.237-3 CONTINUITY OF SERVICES (JAN 1991) did provide authority for Plaintiff to provide services subsequent to March 31, 2005, during the period of transition to the new contractor.

15. Plaintiff continued, through its attorneys and its personnel, to advise the Contracting Officer that Modification No. 21 was, in effect, void and of no effect since FAR 52.217-8 OPTION TO EXTEND SERVICES did not provide authority for its issuance and that Plaintiff would continue under protest to provide the guard services and would seek compensation under FAR 52.237-3 CONTINUITY OF SERVICES for the guard services it rendered during the post contract period commencing April 1, 2005.

16. The final decision of the Contracting Officer, set forth in a letter dated March 18, 2005 and received by email by Plaintiff on March 23, 2005 (Exhibit 1), directed, in effect, that Plaintiff, "in accordance with Modification No. 21 as amended," provide guard services (i.e., during a period of transition between contractors) for a period of not only the 30 days of April initially at issue but also now for an additional 31-day period extending through May 31, 2005.

17. Plaintiff provided Defendant guard services during the period April 1, 2005 through May 31, 2005, as sought by Defendant. Plaintiff performed such services on the basis that Plaintiff would be compensated in accordance with FAR 52.237-3 CONTINUITY OF SERVICES. The final decision provided instead that Plaintiff's entitlement to compensation for services performed subsequent to March 31, 2005 shall be in accordance with Modification No. 21, i.e., FAR 52.217-8 OPTION TO EXTEND SERVICES.

18. Actions of Defendants' personnel in February 2005 and subsequently interfered with and increased materially the difficulties that Plaintiff encountered in performing the work of providing guard services in the post contract period and increased significantly the amount of costs incurred by Plaintiff in connection with performing such post contract services.

<u>The Final Decision Is Fatally Flawed</u>

19. The final decision that, in effect, contains the unilateral direction of the Contracting Officer that Plaintiff perform guard services throughout April and May 2005 (a period subsequent to the March 31, 2005 expiration of the Contract) in accordance with Modification No. 21, which cites for its authorization FAR 52.217-8 OPTION TO EXTEND SERVICES, is void, unenforceable, arbitrary, capricious and not in accordance with law.

20. FAR 52.217-8 OPTION TO EXTEND SERVICES limits the authority of a contracting officer to order only "services within the limits and at the rates specified in the

contract." FAR 52.217-8 does not authorize a contracting officer to extend the term of a contract or to impose rates not specified in the contract. Accordingly, the March 18, 2005 final decision here at issue, which attempts to extend the term of the contract beyond the limits specified by the contract and to impose rates not specified by the contract, is beyond the authority of the Contracting Officer, and Modification No. 21 is accordingly void.

21. The final decision should be set aside, and Defendant instead directed to provide entitlement to Plaintiff in accordance with FAR 52.237-3(d) CONTINUITY OF SERVICES, as well as such other provisions of the Contract and/or requirements of law and/or equity as appropriate.

22. The final decision, if implemented, would result in a serious hardship to Plaintiff by wrongly depriving Plaintiff of money compensation to which Plaintiff is legally entitled.

23. No action is currently pending on Plaintiff's claim for entitlement to money herein in Congress or in any department of government, or in any other judicial proceeding.

Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant:

(a) Determining that the final decision of the Contracting Officer that the entitlement of Plaintiff to compensation shall be determined in accordance with FAR 52.217-8 OPTION TO EXTEND SERVICES is void, unenforceable, arbitrary, capricious and not in accordance with law and should be set aside (with the amount due Plaintiff to be determined);

(b) Directing that Plaintiff is entitled to compensation determined in accordance with FAR 52.237-(d) CONTINUITY OF SERVICE and directing that Defendant make payment to Plaintiff in an amount determined in accordance with such provision and such other requirements of law and/or equity as appropriate;

(c) Awarding Plaintiff the legal and other costs of this action together with such other relief as the Court deems just and proper.

Respectfully submitted,

Michael J. Shea
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 383-0161
Fax: (202) 637-3593
Attorney for Plaintiff

Dated this 10th day of November 2005

Plaintiffs' Name and Address:
Arko Executive Services, Inc.
200 Mansell Court
Roswell, Georgia 30076

Of Counsel:
Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 383-0161

Attachments: Exhibit 1 (2 pages)
Exhibit 2 (4 pages)

# EXHIBIT 1

> -----Original Message-----
> From: Hoyer, Kurt J
> Sent: Wednesday, March 23, 2005 2:48 PM
> To: 'jmarshal@greatguards.com'
> Cc: Evangelidou, Aliki C; Simmons, Edna D; Schurman, Christian J; Gallagher, Dennis J
> Subject: Arko extension
>
> The attached letter holds our reply to Mr. Shea and final decision on the matter.
>
> You will note that I have changed the 30 day extension to 60 days. We are working to get it all done in the shortest time frame possible but it seemed wiser to have some safety cushion.
>
> I do not intend to ask for another extension.
>
> > <<Nicosia Letter to Arko.doc>>
>
> Kurt Hoyer
> GSO
> US Embassy
> Nicosia, Cyprus
> 357 22 393939
> fax. 357 22 393929
>

Kurt Hoyer
US Embassy Nicosia
Cyprus

March 18, 2005

Mr. Ken Oringer
Executive Vice President, CFO
US Securities

RE: Contract No.: S-CYG00-00-0006
Letter from Michael Shea of 3/14/2005

Dear Mr. Oringer:

Mr. Shea, Counsel to Arko Executive Services, wrote me in detail outlining his position on the use of clause FAR 52.217-8, Option to Extend Services, for the extension of this contract for a period of 30 days as set forth in Modification 21 dated March 4 2005.

The Contracting Officer respectfully disagrees with Mr. Shea's interpretation of the clause. In addition, fearing that 30 days may not be enough the Embassy feels compelled to amend the extension to 60 days. This will allow enough time for the new contractor to be fully operational and will avoid having to extend later on. I have no intention of making any additional extensions under this clause.

Arko is therefore required to provide performance for the period of April 1, 2005 through May 31, 2005 in accordance with Modification 21 as amended.

If Arko wishes to pursue this matter as a dispute, please comply with the procedures set forth in FAR Subpart 33.2 Disputes and Appeals.

**EXHIBIT 2**

Exhibit 2
Page 1 of 4

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1. CONTRACT ID CODE S-CY600-00-C-0006 | PAGE OF PAGES 1 \| 4 |
|---|---|---|

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. *(If applicable)* |
|---|---|---|---|
| Modification No. 21 | April 1, 2005 | | |

**6. ISSUED BY** CODE

American Embassy
P.O. Box 24536
1385 Nicosia, Cyprus

**7. ADMINISTERED BY** *(If other than Item 6)* CODE

**8. NAME AND ADDRESS OF CONTRACTOR** *(NO., street, city, county, State, and ZIP Code)*

Arko Executive Services Inc.
2400 Herodian Way
Suite 350
Smyrna, Atlanta
Georgia 30080-8500

Tel: 770-955-7275
Fax: 770-955-5095

**9a. AMENDMENT OF SOLICITATION NO.**

**9b. DATED** *(SEE ITEM 11)*

X **10a. MODIFICATION OF CONTRACT/ORDER NO.** S-CY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

**10b. DATED** *(SEE ITEM 13)* April 1, 2000

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended, [ ] is not extended

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ___ copies of the amendment;(b) By acknowledging receipt of this amendment on each copy of the offer submitted; or(c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. **FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER.** If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

**12. ACCOUNTING AND APPROPRIATION DATA** *(If required)*
See attached.

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: *(Specify authority)* THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES *(such as changes in paying office, appropriation date, etc.)* SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b) |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER *(Specify type of modification and authority)* FAR 52.217-8 -- OPTION TO EXTEND SERVICES |

**E. IMPORTANT:** Contractor [X] is not, [ ] is required to sign this document and return ___ copies to the issuing office.

**14. DESCRIPTION OF AMENDMENT/MODIFICATION** *(Organized by UCF section headings, including solicitation/contract subject matter where feasible.)*

Pursuant to FAR clause 52.217-8 Option to Extend Services, this modification of Contract S-CY600-C-00-006 extends the contractual period, beginning April 1, 2005, through to April 30, 2005.

Funding Summary: Previous Contract Total $5,693,662. This modification $67,825. New Contract Total $5,761,487.

All other terms and conditions remain the same.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER *(Type or print)* | | 16A. NAME OF CONTRACTING OFFICER | |
|---|---|---|---|
| Douglas Duncan<br>Project Manager | | Kurt J. Hoyer<br>General Services Officer | |
| 15B. NAME OF CONTRACTOR/OFFEROR<br>BY ______<br>*(Signature of person authorized to sign)* | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br>BY [signature]<br>*(Signature of Contracting Officer)* | 16C. DATE SIGNED |

SF30

**S-CY600-00-C-0006 - Arko Executive Services Inc.**

**Fiscal Data:**

**19X4519.0001-5217525631-5217-5826-2554**

**19X0113.000H-121752501-1217-5821-2554**

**19X0113.000H-121752502-1217-5822-2554**

**19X0113.000H-121752503-1217-5823-2554**

B.4.4.8.3. Reserved

B.4.4.8.4. Reserved

B.4.4.8.5. Materials or equipment reimbursed for additional or emergency services shall not exceed ( see B.2.6.):

$ 85

B.4.4.8.6. Reserved

B.4.4.8.7 ONE MONTH EXTENSION CONTRACT PRICE.

**April 1, 2005 - April 30, 2005**
**(1 month)**

| | | |
|---|---|---|
| B.4.4.8.1. | STANDARD SERVICES | $ 64,968 |
| B.4.4.8.2. | ADDITIONAL SERVICES | $ 2,772 |
| B.4.4.8.3. | RESERVED | $ N/A |
| B.4.4.8.4. | RESERVED | $ N/A |
| B.4.4.8.5. | REIMBURSABLE MATERIALS | $ 85 |
| B.4.4.8.6. | RESERVED | $ N/A |
| TOTAL: | | $ 67,825 |

B.4.5 GRAND TOTAL : The total ceiling price for the base period, all option years and one month extension is:

| | |
|---|---|
| Base Year Total: | $1,067,687 |
| Option Year One: | $1,082,043 |
| Option Year Two: | $1,310,378 |
| Option Year Three: | $1,293,918 |
| Option Year Four: | $ 939,636 |
| One Month Extension: | $ 67,825 |
| | $5,761,487 |

Note: The fourth page was a blank page.