IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKO EXECUTIVE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1193C |
| | ) | (Judge Allegra) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to plaintiffs' complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in second and third sentences of paragraph 1 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegation contained in paragraph 4 that plaintiff, ARKO Executive Services, Inc., was incorporated in the state of Georgia; denies the remainder of the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegation contained in paragraph 5 that defendant entered into Contract No. S-CY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; admits the remainder of the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in the first sentence of paragraph 8 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 that a company other than plaintiff was awarded a contract to provide guard services for the American Embassy in Nicosia following the expiration of the contract with plaintiff; denies the remainder of the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first, second, and third sentences of paragraph 13 to the extent supported by the document cited, which is

the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 13. Denies the allegations contained in the fourth sentence of paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 17.

18. Denies.

19. Admits the allegations contained in paragraph 19 regarding the contents of the contracting officer's letter dated March 18, 2005 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 23, or to any relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

Dennis J. Gallagher
Assistant Legal Advisor
Buildings and Acquisitions
Department of State

March 2, 2006