IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKO EXECUTIVE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1193C |
| | ) | (Judge Allegra) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, ARKO Executive Services, Inc., and defendant, the United States, submit the following joint preliminary status report in response to the questions set forth in Appendix A.

ANSWERS TO PRELIMINARY QUESTIONS

The parties respond to the questions posed in RCFC Appendix A ¶ 4 as follows:

(a) Does the Court have jurisdiction over the action?

Plaintiff states that the Court possesses jurisdiction over this action.

Defendant does not contest jurisdiction at this time.

(b) Should the case be consolidated with any other case and the reasons therefor?

Yes. This case should be consolidated with ARKO Executive Services, Inc. v. United States, No. 06-0296, filed April 14, 2006. The complaint in case number 06-0296 is attached to this joint preliminary status report as Appendix A. The cases should be consolidated because they arise out of the same or similar set of facts, namely the provision of guard services by ARKO for the United States Embassy in Nicosia, Cyprus, pursuant to Modification No. 21 to

contract S-CY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, issued unilaterally by the Government. Furthermore, both cases depend largely upon the issue or issues which the parties have described in response to question (h).

(c) Should trial of liability and damages be bifurcated and the reasons therefor?

At this time, the parties do not believe that bifurcation of liability and damages is appropriate.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

No.

(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

The parties anticipate filing motions for summary judgment pursuant to RCFC 56. However, the parties will propose a schedule for briefing on summary judgment motions as part of the parties joint preliminary status report with respect to ARKO Executive Services, Inc. v. United States, No. 06-0296, assuming that the Court agrees that it is appropriate to consolidate case number 06-0296 with this case.

(h) What are the relevant factual and legal issues?

Plaintiff states that the principal issue is as follows:

Whether the Government may require continued performance of services beyond the maximum five year total duration of the contract pursuant to FAR 52.217-8 OPTION TO EXTEND SERVICES and require that Plaintiff be compensated for such service in accordance with such clause, or whether Plaintiff's performance in the extended period was performed pursuant to FAR 52.237-3 CONTINUITY OF SERVICES with Plaintiff compensated for such services in accordance with such clause.

Defendant states that the principal issue is as follows:

Whether, pursuant to 48 C.F.R. 52.217-8 (Option to Extend Services), the Government may require continued performance of services under the contract beyond the maximum number of option periods provided pursuant to 48 C.F.R. 52.217-9 (Option to Extend the Term of the Contract).

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties state that settlement may be an appropriate vehicle by which to resolve this matter, and the parties will make every effort to reach an amicable resolution, should such a course of action be deemed appropriate. At this time, the parties are unable to determine whether alternative dispute resolution will be useful in facilitating settlement. The parties should be able to state whether alternative dispute resolution is appropriate when the parties file the joint preliminary status report in case number 06-0296. The parties will remain open to the possibility of alternative dispute resolution as the case progresses.

(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?

If the parties are unable to settle this case, and if the case is not resolved upon motions pursuant to RCFC 56, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling.

(k) Are there special issues regarding electronic case management needs?

No.

(l) Is there other information of which the court should be aware at this time?

No.

PROPOSED DISCOVERY PLAN

The parties request deferring a proposed schedule for discovery until the filing of the joint preliminary status report in case number 06-0296, assuming that the court determines that consolidation is appropriate. The parties also request deferring the exchange of initial disclosures until such time as initial disclosures are provided as required in case number 06-0296, assuming that consolidation is appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0536
Facsimile: (202) 307-0972

Attorneys for Defendant

April 28, 2006

/s/ Michael J. Shea
MICHAEL J. SHEA
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
Phone: (202) 383-0161
Fax: (202) 637-3593

Attorney for Plaintiff

April 28, 2006