ORIGINAL

FILED
APR 14 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ARKO EXECUTIVE SERVICES, INC.
Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-296 C

**COMPLAINT**

Plaintiff, Arko Executive Services, Inc., brings this action and respectfully alleges:

INTRODUCTION

1. This is a direct action to set aside the final decision of a Contracting Officer of the United States Department of State. The final decision is contained in a letter dated March 21, 2006 from the Contracting Officer, American Embassy, Nicosia, Cyprus, United States Department of State. A copy of the March 21, 2006 final decision letter of the Contracting Officer is appended hereto as Exhibit 1.

Jurisdiction

2. This Court has jurisdiction over this action under section 1491 of title 28 of the United States Code.

3. Plaintiff's action arises under the Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383 (codified at 41 U.S.C. §§ 601-613 (Supp. II 1978)), as amended by Pub. L. 97-164 (1982).

The Parties

4. Plaintiff, ARKO Executive Services, Inc. (sometimes hereinafter "Contractor"), is

a corporation organized under the laws of Georgia and has its principal place of business at 200 Mansell Court, Roswell, Georgia 30076.

5. Defendant, the United States (sometimes hereinafter "Government"), by and through its United States Embassy in Nicosia, Cyprus, entered into and administered Contract No. S-CY-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, which called for Plaintiff to provide guard services for the United States Embassy Nicosia ("Contract").

Relevant Provisions of the Contract and the Federal Acquisition Regulation

6. Contract No. S-CY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 is a multiple year contract. Clause F.4.1 of the contract, at page 30, provides "The period of performance of this contract is from the date of Notice to Proceed and continuing for 12 months, with four, one-year options to renew. The initial period of performance includes any transition period authorized under the contract."

7. The Federal Acquisition Regulation at Section 17.204(a) requires that a contract with option provisions such as are contained in Contract No. S-CY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 "shall specify . . . the overall duration of the contract, including any extension."

8. As required by FAR 17.204(a), Contract No. S-CY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 specifies that "The total duration of this contract, including the exercise of any options under this clause, shall not exceed five years", at FAR 52.217-9(c) OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 1989), at page 47. (Emphasis Supplied).

9. The Federal Acquisition Regulation at Section 17.204(e) requires that, for a contract with option provisions such as are contained in Contract No. S-CY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, "the total of the basic and option periods shall not exceed 5 years in the case of services", with an exception that is not applicable.

10. Section F of the Contract, DELIVERIES OR PERFORMANCE, at page 27

provides:

> F.4. Period of Performance.
> F.4.1. The performance of this contract is from the date of Notice to Proceed and continuing for 12 months, with four, one-year options to renew. The initial period of performance includes any transition period authorized under the contract.
>
> F.4.2. The Government may extend this contract in accordance with the option clause at Subsection I.1.2, FAR Clauses Incorporated by Full Text (FAR 52.217-9, Option to Extend the Term of the Contract (Deviation), which also specifies the total duration of this contract.
>
> F.4.3 The Government may exercise the option set forth at Subsection I.1.1, "FAR 52.217-8, Option to Extend Services", within the currently ongoing period of performance or within 30 days after funds for the option become available, whichever is later. (Emphasis supplied).

11. The contract clause, FAR 52.217-9 OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 1989) (DEVIATION), at page 47 provides:

> (a.) The Government may extend the term of this contract by written notice to the Contractor within the performance period of the contract or within 30 days after funds for the option year become available, whichever is later.
>
> (b) If the Government exercises this option, the extended contract shall be considered to include this option provision.
>
> (c) The total duration of this contract, including the exercise of any options under this clause, shall not exceed five years." (Emphasis supplied).

This contract clause requires that the "total duration" of the contract not exceed five years. Accordingly, an attempt by the Contracting Officer to extend the duration of the contract beyond five years is not in accordance with and violates the terms of the contract.

12. The contract clause incorporated into the contract by reference, FAR 52.217-8

OPTION TO EXTEND SERVICES (AUG 1989), at page 45 provides:

> The Government may require continued performance of any services within the limits and at the rates specified in the contract. These rates may be adjusted only as a result of revision to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised more than once, but the total extension of performance hereunder shall not exceed 6 months. The Contracting Officer may exercise the option by written notice to the Contractor within the period specified in the Schedule...(Emphasis supplied).

The Contracting officer may exercise the option to continue performance of services under this clause only in circumstances where continuation of such services is both "within the limits and at the rates specified in the contract." (Emphasis supplied). Accordingly, an attempt by the Contracting officer to order continued performance of services under circumstances where such continued performance is not both "within the limits and at the rates specified in the contract" is not in accordance with and violates the terms of the contract.

13. The Contract also contained FAR 52.237-3 CONTINUITY OF SERVICES (JAN 1991), which provides:

> (a) The Contractor recognizes that the services under this contract are vital to the Government and must be continued without interruption and that, upon contract expiration, a successor, either the Government or another contractor, may continue them. The Contractor agrees to . . . exercise its best efforts and cooperation to effect an orderly and efficient transition to a successor.
>
> * * *
>
> (d) The Contractor shall be reimbursed for all reasonable phase-in, phase-out costs (i.e., costs incurred within the agreed period after contract expiration that result from phase-in, phase-out operations) and a fee (profit) not to exceed a pro rata portion of the fee (profit) under this contract. (Emphasis supplied).

Contractor recognized that the guard services being provided under this contract were vital to the Government and must be provided without interruption, and Contractor agreed to provide such services without interruptio

for the months of April and May 2005 under this clause.

14. The Contract contained 14 pages of very detailed pricing provisions. Prices are specified at pp. 5-9 for the Base Year, April 01, 2000-March 31, 2001; at page 9 for the First Option Year, April 01, 2001 –March 31, 2002; at pp. 10-13 for the Second Option Year, April 1, 2002 – March 31, 2003; at pp. 14-15 for the Third Option Year, April 1, 2003 – March 31, 2004; and at pp. 16-17 for the Fourth Option Year, April 1, 2004 – March 31, 2005, for each of many different Labor Categories for Standard Services as well as for Additional or Emergency Services, for Vehicles and for Reimbursable Materials. The total ceiling price for the base period and for each of the four option years is set forth on page 18. No rates were contained or specified by the contract for guard services rendered after March 31, 2005.

Factual Background

15. The Government solicited and awarded Contract No. S-CY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 on the basis that the total duration of the contract shall not exceed five years (i.e., the contract duration shall not extend beyond March 31, 2005).

16. Contractor quoted the prices to the Government, as set forth at pages 5 to 18 of the Contract, and performed its work under the contract on the basis that the total duration of the contract shall not exceed five years (i.e., the contract duration shall not extend beyond March 31, 2005).

17. March 31, 2005 was the date on which the total duration of the contract reached five years.

18. For the period subsequent to March 31, 2005, Defendant undertook to contract long term with a company other than Plaintiff to provide guard services for the United States Embassy Nicosia notwithstanding that Plaintiff had satisfactorily performed the work called for

by the Contract during its five-year duration.

19. In February 2005, Plaintiffs' Executive Vice President/Chief Financial Officer inquired whether post contract services of Plaintiff would be needed by the Embassy, Nicosia, and in response to a follow up February 15, 2005 inquiry from Plaintiff, the Contracting Officer advised that no post contract services would be required. A March 7, 2005 email from Plaintiff's Executive Vice President/Chief Financial Officer to the Contracting Officer stated:

> "On February 8, 2005, by letter dated February 7, 2005 to you from me, you were asked whether the Embassy would require Arko services beyond the March 31st expiration date. A reply was requested by February 15th. Notices to employees and the government regarding loss of employment that are required by Cyprus law on pain of significant liability necessitated prompt notification of Embassy requirements. You did not respond by February 15th. I sent you another email on February 15th indicating the Company presumed that your lack of response meant that no post contract services would be required and that Arko would move forward with the employee and government notices. You responded to the email and said that the Company was correct that the Embassy did not anticipate the need for post contract services. Arko proceeded to give the employees and government notice that employment with Arko would end on March 31, 2005. The notices were transmitted on or about February 28th. On March 4, 2005 at 2:00 pm you presented to our local agent Mr. Douglas Duncan a contract modification for a 1 month contract extension…"

20. On March 4, 2005, the Contracting Officer tendered to Douglas Duncan, Plaintiff's Project Manager in Cyprus, Modification No. 21 to the Contract, which document unilaterally purported to direct Plaintiff to extend the contractual period for 30 days, i.e., from April 1 to April 30, 2005. A copy of Modification No. 21 is appended hereto as Exhibit 2. This document cited FAR 52.217-8 OPTION TO EXTEND SERVICES (AUG 1989) as the only authorizing authority for this unilateral directive. It also set forth prices for guard services for the period April 1 to April 30, 2005. Because Plaintiff questioned and disputed the Contracting Officer's interpretation of the Contract and the authority cited for issuance of Modification No. 21, Plaintiff viewed it necessary to engage counsel.

21. Plaintiff, through its attorney and its personnel, advised the Contracting Officer that FAR 52.217-8 OPTION TO EXTEND SERVICES (AUG 1989) did not provide authority for the issuance of Modification No. 21 (i.e., such clause did not provide authority for the Contracting Officer to order extension of the duration of the contract beyond five years and to order Plaintiff to provide services in April 2005, but that FAR 52.237-3 CONTINUITY OF SERVICES (JAN 1991) did provide authority for Plaintiff to provide services subsequent to March 31, 2005, during the period of transition to the new contractor.

22. Plaintiff continued, through its attorneys and its personnel, to advise the Contracting Officer that Modification No. 21 was, in effect, void and of no effect since FAR 52.217-8 OPTION TO EXTEND SERVICES did not provide the Contracting Officer authority for its issuance; that Plaintiff would continue, under protest, to provide the guard services; and that Plaintiff would seek compensation under FAR 52.237-3 CONTINUITY OF SERVICES for the guard services it rendered during the post contract period commencing April 1, 2005.

23. A final decision of the Contracting Officer, set forth in a letter dated March 20, 2005 and received by email by Plaintiff on March 21, 2005, directed, in effect, that Plaintiff, "in accordance with Modification No. 21 as amended," provide guard services (i.e., during a period of transition between contractors) for a period of not only the 30 days of April 2005 initially at issue but also now for an additional 31-day period extending through May 31, 2005. The final decision also stated that Plaintiff's entitlement to compensation for providing guard services subsequent to March 31, 2005 shall be in accordance with Modification No. 21, i.e., FAR 52.217-8 OPTION TO EXTEND SERVICES and not FAR 52.237-3 CONTINUITY OF SERVICES.

24. Plaintiff disputed the final decision and appealed the March 20, 2005 final

decision of the Contracting Officer to the United States Federal Court of Claims as being void, unenforceable, arbitrary, capricious and contrary to law, and that appeal was assigned docket No. 05-1193C.

25. Plaintiff provided Defendant the guard services during the period April 1, 2005 through May 31, 2005, under protest and on the basis that Plaintiff would be compensated therefor in accordance with FAR 52.237-3 CONTINUITY OF SERVICES.

26. Actions of Defendants' personnel in February 2005 and subsequently interfered with and increased materially the difficulties that Plaintiff encountered in performing the work of providing guard services in the post contract period and increased significantly the amount of costs incurred by Plaintiff in connection with performing such post contract services.

A Second Final Decision That Is Also Fatally Flawed

27. On January 18, 2006, Plaintiff submitted by email to the Contracting Officer a letter containing its certified claim for the unpaid amount of $184,010.10 owing to Plaintiff for guard services rendered in the period April 1 through May 31, 2005.

28. The Contracting Officer in the final decision letter dated March 21, 2006, denied the claim of Plaintiff for payment of $184,010.10 (second final decision). Plaintiff hereby appeals this second final decision by the Contracting Officer under Contract No. S-CY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.

29. Plaintiff disputes the findings and decision of the Contracting Officer as set forth in this second final decision letter of March 21, 2006 as being arbitrary, capricious, contrary to law and void.

30. The Contracting Officer's finding that "the option was properly exercised under FAR 52.217-8 to meet continuing service requirements beyond the scheduled end of the contract" is arbitrary, capricious, contrary to law and void.

31. The attempted exercise of the option under 52.217-8 was void. The exercise of an option under this clause by the Government is valid in circumstances only when the extended services ordered are both "within the limits" specified in the contract and "at the rates specified in the contract." Neither of these circumstances was present here. The services ordered were to be performed in a period beyond, outside and not within the total duration of the contract and the prices ordered were not prices specified in the contract.

32. Defendants reference to FAR 37.111 to support its contention that the option under FAR 52.217-8 was properly exercised is arbitrary, capricious, contrary to law and not valid. FAR 37.111 Extension of services provides that

> "the contracting officer may include an option clause (see 17.208(f)) in solicitations and contracts which will enable the Government to require continued performance of any services within the limits and at the rates specified in the contract."
> (Emphasis supplied).

Here the services ordered were to be performed in a period not "within the limits" specified in the contract and not "at rates specified in the contract." FAR 37.111 requires the conclusion that the attempt of the Contracting Officer to exercise the option under FAR 52.217-8 was not valid.

33. The Contracting Officer's finding that "the five-year limitation contained in FAR 52.217-9 is not applicable to extensions of services ordered under FAR 52.217-8" is arbitrary, capricious, contrary to law and void.

34. The Federal Acquisition Regulation provisions at FAR 17.204(a) and (e) require that a contract with the option provisions contained in Contract No. S-CY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 "shall specify … the overall duration of the contract, including any extension" and require that "the total of the base and option periods shall not exceed five years in the case of services". Accordingly, it was arbitrary, capricious and contrary to law for the Contracting Officer to find that FAR 52.217-9 is not applicable to extensions under 52.217-8. FAR 52.217-9 specifies the

total duration of the contract as required by FAR 17.204(a). For the Contracting Officer to find that FAR 52.217-9 is not applicable (when the exercise of the option under FAR 52.217-8 will extend the duration beyond the five year limitation imposed by these Federal Acquisition Regulation provisions) is arbitrary, capricious and contrary to law, and is especially arbitrary, capricious and contrary to law when, as here, the Contracting Officer cites no authority to support, and provides no explanation for, such finding.

35. The Contracting Officer's failure to find and determine that Plaintiff is entitled to be paid all reasonable costs incurred after March 31, 2005 in providing guard service and a fee under FAR 52.217-8 OPTION TO EXTEND SERVICE S is arbitrary, capricious and contrary to law.

36. The quantum claimed is fair and reasonable. Plaintiff is entitled to be paid its costs for its post-contract services plus a fee in accordance with FAR 52.237(d). The amount due Plaintiff is $184,010.10.

37. Although Plaintiff requested in its letter of January 18, 2006 to the Contracting Officer that the Contracting Officer contact Plaintiff if the Contracting Office needed clarification of any item of expense or an answer to any question, the Contracting Officer did not contact Plaintiff and did not even acknowledge receipt of Plaintiff's letter of January 18, 2006 prior to issuing his March 21, 2006 final decision.

Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant:

(a) Determining that the final decision of the Contracting Officer that entitlement to compensation shall be determined in accordance with FAR 52.217-8 OPTION TO EXTEND SERVICES is arbitrary, capricious, contrary to law and void;

(b) Directing that Plaintiff is entitled to compensation in accordance with FAR

52.237-(d) CONTINUITY OF SERVICE and directing that Defendant make payment to Plaintiff in the amount of $184,010.10.

(c) Awarding Plaintiff its legal and other costs of this action, together with such other relief as may be just and proper.

Respectfully submitted,

Michael J. Shea
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 383-0161
Fax: (202) 637-3593
Attorney for Plaintiff

Dated this 14th day of April 2006

Exhibits Attached (2)

Plaintiffs' Name and Address:
Arko Executive Services, Inc.
200 Mansell Court
Roswell, Georgia 30076

Of Counsel:
Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 383-0161

# EXHIBIT 1

March 21, 2006

VIA FACSIMILE & E-MAIL
John D. Marshall
General Counsel
Arko Executive Services
200 Mansell Court
Roswell, GA 30076

Re: Claim for Additional April and May 2005 Costs
Contract No. S-CY600-00-C-0006

Dear Mr. Marshall:

This responds to your letter of January 18, 2006, which I received by e-mail on January 20, 2006. Your letter presents a claim for additional payment in the amount of $184,010.10 in connection with the performance of security guard services by Arko Executive Services for the United States Embassy in Nicosia in April and May 2005. You contend that the Embassy's exercise of the option to extend services contained in clause FAR 52.217-8 in the above-referenced contract was invalid because it extended performance beyond the five year period stated in FAR 52.217-9, which was also included in the contract.

I find that the option was properly exercised under FAR 52.217-8 to meet continuing service requirements beyond the scheduled end of the contract term. See FAR 37.111. I find further that the 5-year limitation contained in FAR 52.217-9 is not applicable to extensions of services ordered under FAR 52.217-8. Accordingly, your claim is denied in its entirety. I would note in addition for your information that were entitlement to additional compensation to be established, the quantum claimed has not been shown by Arko to be fair or reasonable.

This is the final decision of the Contracting Officer. You may appeal this decision to the General Services Board of Contract Appeals, which is the agency board of contract appeals designated by the Department of State. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the General Services Board of Contract Appeals, 1800 F Street, N.W., Washington, D.C. 20405 and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the General Services Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the General Services Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely yours,

Kurt J. Hoyer

Kurt J. Hoyer
Contracting Officer
United States Embassy
Nicosia, Cyprus

# EXHIBIT 2

Exhibit 2
Page 1 of 4

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE S-CY600-00-C-0006 | PAGE OF PAGES 1 \| 4 |
|---|---|---|---|
| 2. AMENDMENT/MODIFICATION NO. Modification No. 21 | 3. EFFECTIVE DATE April 1, 2005 | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
| 6. ISSUED BY CODE American Embassy P.O. Box 24536 1385 Nicosia, Cyprus | | 7. ADMINISTERED BY (If other than Item 6) CODE | |

| 8. NAME AND ADDRESS OF CONTRACTOR (NO., street, city, county, State, and ZIP Code) | | |
|---|---|---|
| Arko Executive Services Inc. 2400 Herodian Way Suite 350 Smyrna, Atlanta Georgia 30080-8500 Tel: 770-955-7275 Fax: 770-955-5095 | | 9a. AMENDMENT OF SOLICITATION NO. |
| | | 9b. DATED (SEE ITEM 11) |
| | X | 10a. MODIFICATION OF CONTRACT/ORDER S-CY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 |
| | | 10b. DATED (SEE ITEM 13) April 1, 2000 |

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended, [ ] is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning copies of the amendment;(b) By acknowledging receipt of this amendment on each copy of the offer submitted; or(c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See attached.

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b) |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER (Specify type of modification and authority) FAR 52.217-8 -- OPTION TO EXTEND SERVICES |

E. IMPORTANT: Contractor [X] is not, [ ] is required to sign this document and return copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Pursuant to FAR clause 52.217-8 Option to Extend Services, this modification of Contract S-CY600-C-00-006 extends the contract period, beginning April 1, 2005, through to April 30, 2005.

Funding Summary: Previous Contract Total $5,693,662. This modification $67,825. New Contract Total $5,761,487.

All other terms and conditions remain the same.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME OF CONTRACTING OFFICER | |
|---|---|---|---|
| Douglas Duncan Project Manager | | Kurt J. Hoyer General Services Officer | |
| 15B. NAME OF CONTRACTOR/OFFEROR BY ____ | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer) | 16C. DATE SIGNED |

S-CY600-00-C-0006 - Arko Executive Services Inc.

Fiscal Data:

19X4519.0001-5217525631-5217-5826-2554

19X0113.000H-12175S2501-1217-5821-2554

19X0113.000H-12175S2502-1217-5822-2554

19X0113.000H-12175S2503-1217-5823-2554

B.4.4.8.3. Reserved

B.4.4.8.4. Reserved

B.4.4.8.5. Materials or equipment reimbursed for additional or emergency services shall not exceed ( see B.2.6.):

$ 85

B.4.4.8.6. Reserved

B.4.4.8.7 ONE MONTH EXTENSION CONTRACT PRICE.

**April 1, 2005 - April 30, 2005**
**(1 month)**

| | |
|---|---|
| B.4.4.8.1. STANDARD SERVICES | $ 64,968 |
| B.4.4.8.2. ADDITIONAL SERVICES | $ 2,772 |
| B.4.4.8.3. RESERVED | $ N/A |
| B.4.4.8.4. RESERVED | $ N/A |
| B.4.4.8.5. REIMBURSABLE MATERIALS | $ 85 |
| B.4.4.8.6. RESERVED | $ N/A |
| TOTAL: | $ 67,825 |

B.4.5 GRAND TOTAL : The total ceiling price for the base period, all option years and one month extension is:

| | |
|---|---|
| Base Year Total: | $1,067,687 |
| Option Year One: | $1,082,043 |
| Option Year Two: | $1,310,378 |
| Option Year Three: | $1,293,918 |
| Option Year Four: | $ 939,636 |
| One Month Extension: | $ 67,825 |
| | $5,761,487 |

Exhibit 2
Page 4 of 4

Note: The fourth page was a blank page.