IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKO EXECUTIVE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 05-1193 and 06-296 (Judge Allegra) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S
<u>COMPLAINT IN CASE NUMBER 06-296</u>

For its answer to plaintiffs' complaint in case number 06-296, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in second and third sentences of paragraph 1 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 that plaintiff, ARKO Executive Services, Inc., was incorporated in the state of Georgia; denies the remainder of the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegation contained in paragraph 5 that defendant entered into Contract No. S-CY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; admits the remainder of the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 regarding the contents of the contract cited to the extent supported by the contract cited, which is the best evidence of its contents; the allegations contained in paragraph 8 regarding the requirements of the Federal Acquisition Regulation constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11, including subparts (a) through (c), and the second sentence of paragraph 11, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 11. Denies the allegations contained in the third sentence.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its

contents; otherwise denies the allegations contained in the first sentence of paragraph 12. The allegations contained in the second and third sentences of paragraph 12 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13 regarding what plaintiff recognized for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in the second sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits.

18. Admits that defendant entered into a contract with a company other than plaintiff for guard services following the completion of services by plaintiff pursuant to Contract S-CY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; admits the allegations contained in paragraph 18 regarding the length of the contract awarded following Contract S-CY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 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first, second and third sentences of paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second and third sentences of paragraph 20. Denies the allegations contained in the fourth sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its suit in docket number 05-1193, to which no response is required; to the extent that the allegations may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 that plaintiff provided defendant guard services from April 1, 2005 through May 31, 2005; denies the remainder of the allegations for lack of information or knowledge sufficient to form a belief as to their truth.

26. Denies.

27. Admits the allegations contained in paragraph 27 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 28. The allegations contained in the second sentence of paragraph 28 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies.

31. Denies the allegations contained in the first sentence of paragraph 31. The remainder of the allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies the allegations contained in the first sentence of paragraph 32. Admits the allegations contained in the second sentence of paragraph 32 to the

extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 32. The remainder of the allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Denies.

34. The allegations contained in the first sentence of paragraph 34 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in second sentence of paragraph 34. The allegations contained in the third sentence of paragraph 34 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 34.

35. Denies.

36. Denies.

37. Admits the allegations contained in paragraph 37 that, prior to March 21, 2006, the contracting officer did not contact plaintiff regarding plaintiff's letter dated January 18, 2006; admits the remainder of the allegations contained in paragraph 37 to the extent supported by the documents cited, which are the best

evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 32.

38. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 37, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:

Dennis J. Gallagher
Assistant Legal Advisor
Buildings and Acquisitions
Department of State

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

June 27, 2006

Attorneys for Defendant