IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ARKO EXECUTIVE SERVICES, INC., Plaintiff, | |
| v. | Nos. 05-1193 and 06-296 (Judge Allegra) |
| UNITED STATES, Defendant. | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States, respectfully submits this reply brief in support of its cross motion for summary judgment. As we demonstrated in our initial brief, the Government is entitled to summary judgment because the Government was permitted to exercise its option under FAR 52.217-8 (Option to Extend Services) to require extended services by Arko from April 1, 2005 through May 31, 2005. In its response brief, Arko does not provide any basis for denying our motion for summary judgment.

**I. The Government's Interpretation Does Not Render Any Provision Meaningless**

Arko contends that the Government's interpretation of the contract renders certain provisions meaningless. Pl. Resp. Br. at 4. Contrary to Arko's contention, we demonstrated in our initial brief that the Government's interpretation is consistent with all of the provisions in the contract. Def. Br. at 7-12.

For example, in its response brief, Arko contends that the Government's use of the option to extend services beyond five years under FAR 52.217-8 renders clause F.4.1 meaningless. Id. Clause F.4.1 states that the performance period of the contract is twelve months with four one-

year options to renew. A30. The Government's use of the option to extend services under FAR 52.217-8 beyond five years does not render F.4.1 meaningless because F.4.1 identifies the length of the base year and the number of one-year options. Clause F.4.1 does not purport to address options to extend services pursuant to 52.217-8, which is addressed in clause F.4.3. Id. The only restraint imposed upon the exercise of options to extend services in Clause F.4.3 is that the option to extend services must be exercised within the ongoing period of performance or within 30 days after funds for the option become available, whichever is later. Id. There is no dispute that the Government exercised the option during the ongoing period of performance. A2, 89.

## II. The Rates Established By Modification 21 Were The Rates Specified In The Contract

Arko contends that the Government did not validly exercise an option pursuant to FAR clause 52.217-8 (Option to Extend Services) because the rates applicable for the two-month period starting April 1, 2005 were not "within . . . the rates specified in the contract," as required by that clause. Pl. Resp. Br. at 5-6. However, as we demonstrated in our response to Arko's proposed findings of fact, the rates applicable immediately prior to April 1, 2005 were exactly the same rates for the two-month period starting April 1, 2005. Def. Resp. to Pl. Prop. Finding No. 26 (citing A62, 89-92). The rates applicable for the one-year period prior to April 1, 2005 were established by mutual agreement through Modification No. 18, signed December 23, 2003. A62. Pursuant to Modification No. 21, signed March 23, 2005, the Government required continued services pursuant to FAR clause 52.217-8 (Option to Extend Services) starting April 1, 2005 at the same rates which applied immediately prior to April 1, 2005. A89-92. Arko does not dispute that the rates for the two-month period starting April 1, 2005 were identical to the rates established by mutual agreement for the period immediately preceeding April 1, 2005.

Thus, there is no material dispute that the rates applicable to the exercise of the option under 52.217-8 were "within . . . the rates specified in the contract," 48 C.F.R. § 52.217-8, because the rates applicable to the additional services performed pursuant to 52.217-8 were exactly the same as the rates specified in the contract.

## III. Arko Fails To Provide A Valid Basis For Distinguishing The Cases Cited By The Government

In our brief, we cited several cases in support of our contention that the Government may require continued services pursuant to FAR clause 52.217-8 beyond five years. Def. Br. at 9-11 (citing Storage Tech. Corp. v. CCl Serv. Corp., 94 F.Supp.2d 697 (D.Md. 2000); Konitz Contracting, Inc., ASBCA No. 52299, 2001 WL 965933 (2001); JJA Consultants v. Dep't of Treasury, GSBCA 16796-TD, 2006 WL 1918852 (2006)). Arko has not identified any cases which support its interpretation of the contract, and Arko is unable to provide a valid basis for distinguishing the cases cited by the Government.

Instead, Arko claims that the cases cited by the Government are inapposite because clause 52.237-3 (Continuation of Services) applied to the services performed by Arko, however there was no mention of 52.237 (Continuation of Services) in the cases cited by the Government. Pl. Resp. Br. at 5, n.1. Arko's attempt to distinguish these cases is unavailing because it is based upon faulty reasoning. Essentially, Arko starts with the ultimate conclusion that Arko would like this Court to reach (that the option to extend services clause, FAR 52.217-8, did not apply to the services performed by Arko), then works backwards to establish Arko's premise (that the cases cited by the Government are inapposite because those cases addressed the option to extend services clause, FAR 52.217-8). In any event, Arko also recognizes in its brief that the cases cited by the Government are contrary to Arko's position. Id.

## IV. Arko Has Not Produced Any Evidence That It Provided Phase-In Or Phase-Out Services Pursuant To The Government's Direction

In our initial brief, we demonstrated that 52.237-3 (Continuity of Services) did not apply to the services performed by Arko starting April 1, 2005 because (1) the Government did not invoke 52.237-3 in issuing the unilateral modification to the contract that required performance by Arko starting April 1, 2005; (2) the clear and unambiguous language of 52.237-3 demonstrates that this clause only applies to phase-in and phase-out services; and (3) the Government did not require such phase-in or phase-out services by Arko. Def. Br. at 4-7.

Arko does not contend in its response brief or in its response to defendant's proposed findings of fact that it provided any phase-in services. Pl. Resp. Br. at 11; Pl. Resp. to Def. Prop. Finding No. 15A. Instead, Arko asserts in a conclusory fashion, without citing any support in an affidavit or other competent evidence, that it provided phase-out services at the direction of the Government. Pl. Resp. to Def. Prop. Finding No. 15A ("Plaintiff interpreted Modification No. 21 to call for Plaintiff to perform phase-out guard services during this period of transition that Plaintiff rendered during the contract period.").

This conclusory assertion by Arko's counsel that Arko provided phase-out services is insufficient to create a genuine issue of material fact. It is well established that conclusory allegations and attorney arguments are insufficient to overcome a motion for summary judgment. Ferring B.V. v. Barr Laboratories, Inc., 437 F.3d 1181, 1193 (Fed. Cir. 2006). "In order to raise a genuine issue of fact, a party must submit conflicting evidence in the form of an affidavit or other admissible evidence." Id. An assertion by Arko's counsel that Arko provided phase-out services, unsupported by an affidavit or other admissible evidence, is not a basis for defeating the Government's motion for summary judgment.

Arko also contends that it "viewed the order directing Arko to provide services to the Government in April and May 2005, as set forth in Modification No. 21, to be constructively an order by the Contracting Officer directing Arko to provide phase-out services [pursuant to FAR clause 52.237-3]." This contention is irrelevant because Arko has not provided any evidence that it performed phase-out services at the Government's direction. Furthermore, Arko could only have viewed Modification No. 21 as requiring phase-out services pursuant to clause 52.237-3 (Continuity of Services) by ignoring the express and unambiguous language of that modification, which explicitly refers to clause 52.217-8 (Option to Extend Services), not 52.237-3 (Continuity of Services). A89.

## V. Arko Fails To Reconcile The Inconsistency In Its Argument

In our initial brief we demonstrated that Arko's interpretation of the contract suffers from a fatal inconsistency. Def. Br. at 12-13. We demonstrated that Arko's suit is based upon two inconsistent contentions: (1) that the maximum term of the contract was five years, and no services could be performed by Arko pursuant to the contract beyond five years; and (2) that Arko performed services beyond five years pursuant to the continuity of services clause (52.237-3) in the contract. Id.

Plaintiff attempts to explain the inconsistency in its argument by claiming that services performed pursuant to the continuity of services clause (52.237-3) constitute "post-contract" services. Pl. Resp. Br. at 16. There is no merit to this contention. It is impossible to perform services pursuant to the contract (e.g. clause 52.237) if those services are outside of the contract (e.g. post-contract).

Arko also attempts to explain the inconsistency in its argument by claiming that the continuity of services clause (52.237-3) is not an option clause, unlike the option to extend services clause (52.217-8). Contrary to Arko's contention, the continuity of services clause (52.237-3) is also an option clause, although not explicitly labeled as such. An option is a "right of election to exercise a privilege." Black's Law Dictionary 755 (6th ed. 1991). The continuity of services clause is an option because it provides the Government the right of election to exercise a privilege, namely requiring phase-in and phase-out services by the contractor if such services are needed. The contractor is not obligated to provide these services unless the Government requests the services. <u>See</u> A50-51 (stating that the contractor shall provide phase-in and phase-out services "upon the contracting officer's written notice").

In any event, it is irrelevant whether the continuity of services clause (52.237-3) is described as an option. Arko's primary argument against the Government's use of the option to extend services clause (52.217-8) beyond five years is that other clauses in the contract preclude services beyond five years. For example, Arko contends that the Government's use of the option to extend services clause (52.217-8) to require services beyond five years violated FAR clause 52.217-9 (Option to Extend the Term of the Contract). Clause 52.217-9 states, in part, "The total duration of this contract, including the exercise of any options under this clause, shall not exceed five years." A50 (52.217-9(c)). That interpretation by Arko is unreasonable because it reads other clauses out of the contract. If this clause were read in a manner to prevent the Government from requiring any services beyond five years, then the Government would not be able to require phase-in and phase-out services under 52.237-3, or require continued services under 52.217-8 (option to extend services), beyond the fifth year of the contract.

Thus, Arko has failed to provide a valid explanation for denying the Government the right to require continued services beyond five years pursuant to the option to extend services clause (52.217-8), when both parties agree that the contract does permit the Government to require services beyond five years pursuant to the continuity of services clause (52.237-3). The only reasonable interpretation of the contract is that the Government may require services beyond five years pursuant to either the continuity of services clause (52.237-3) or the option to extend services clause (52.217-8). Therefore, as a matter of law, the Government acted within its rights when it required continued services beyond five years pursuant to the option in one of those clauses, specifically the option to extend services clause (52.217-8).

## CONCLUSION

There are no genuine disputes of material fact, and, as a matter of law, the Government was permitted to exercise its option under FAR 52.217-8 to require extended services by Arko from April 1, 2005 through May 31, 2005. Therefore, we respectfully request that the Court grant the Government's motion for summary judgment, and deny Arko's motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

November 1, 2006

Attorneys for Defendant