IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKO EXECUTIVE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 05-1193 and 06-296 (Judge Allegra) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant, the United States, respectfully submits this supplemental brief pursuant to the Court's order dated January 25, 2007, permitting the parties the opportunity to address any potential jurisdictional defects with case number 05-1193 or 06-296. The Court has provided this opportunity in light of an issue raised by the Court sua sponte, during oral argument held on January 24, 2007, whether the Court lacks jurisdiction to entertain case number 06-296 based upon Sharman Co., Inc. v. United States, 2 F.3d 1564 (Fed. Cir. 1993), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995). Based upon our review of the law and facts, we believe that this Court possesses jurisdiction to entertain both complaints in this case.

**ARGUMENT**

In Sharman, the Court addressed a situation in which a plaintiff filed suit asserting a claim for progress payments following a termination for default pursuant to the Contract Disputes Act, and requesting a declaratory judgment that the termination for default was invalid and that it should be converted to a termination for convenience. Id. at 1566-67. The complaint in that suit was filed after the contracting officer's final decision terminating the contractor for

default, but prior to a final decision by the contracting officer on the progress payments claim. Id. at 1566-67. After the suit was filed, the contracting officer issued a final decision on the progress payments claim. Id. at 1567. The Court held that the Claims Court lacked jurisdiction to entertain the progress payments claim:

> Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation. That exclusive authority divests the contracting officer of his authority to issue a final decision on the claim.

Id. at 1571 (citing 28 U.S.C. §§ 516-20). As a result, the contracting officer's decision issued after the claim was in litigation was without authority and invalid, and one of the jurisdictional prerequisites for asserting the claim in Court, a final decision of the contracting officer, had not been met with respect to the claim for progress payments. Id. at 1569. However, the Court held that the Claims Court possessed jurisdiction to entertain the request for declaratory relief converting the termination for default into a termination for convenience. Id. at 1572.

Here, the Court asked during oral argument whether a similar jurisdictional bar exists in this case. We do not believe that the rule stated in Sharman is a jurisdictional bar to the claims asserted in Arko Executive Services, Inc. v. United States, Fed. Cl. No. 05-1193 ("Arko I"), or Arko Executive Services, Inc. v. United States, Fed. Cl. No. 06-296 ("Arko II").[1] Prior to plaintiff's complaint in Arko I, the contracting officer issued a final decision concluding that the Government would require continued services by Arko pursuant to the option to extend services clause, Federal Acquisition Regulation ("FAR") § 52.217-8, instead of the continuity of services clause, FAR § 52.237-3. Arko I Compl. at Ex. 1. Arko filed suit in Arko I to challenge this final

[1] Arko I and Arko II have been consolidated.

decision. Id. at ¶ 16, 19. Arko requested declaratory relief determining that the contracting officer's final decision is arbitrary, capricious, contrary to law and void, and "[d]irecting that Plaintiff is entitled to compensation in accordance with FAR 52.237 -(d) [sic] CONTINUITY OF SERVICE and directing that Defendant make payment to Plaintiff in an amount determined in accordance with such provision and such other requirements of law and/or equity as appropriate." Id. at Prayer. Arko did not assert in Arko I that it was entitled to a sum certain, or quantify the amount of money to which it would be entitled if the Government were to compensate Arko in accordance with FAR 52.237. Id.

After Arko filed its complaint in Arko I, Arko submitted a certified claim to the contracting officer in the amount of $181,010.10 for services performed between April 1, 2005 through May 31, 2005, based upon Arko's calculation assuming that the continuity of services clause, FAR 52.237, rather than the option to extend services clause, FAR 52.217-8, governed Arko's services during this time period. Arko II Compl. ¶ 27. Arko thereafter filed suit in Arko II seeking payment in the amount of $184,010.00 based upon Arko's interpretation of the contract. Id.

Sharman does not apply in this case because the request for declaratory relief in Arko I is not the same claim as the claim for damages in Arko II. In deciding whether two claims are the same for CDA purposes, two claims are the same if "they arise from the same operative facts, claim essentially the same relief, and merely assert differing legal theories for that recovery." Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). Furthermore, "the mere overlap of legal and factual issues between that which is in court and that which is put in

issue by a claim pending before the contracting officer does not implicate" the jurisdictional bar identified in Sharman. Buse Timber & Sales, Inc. v. United States, 45 Fed. Cl. 258, 266 (1999).

The complaint in Arko I is best construed as a request for declaratory relief, not as a monetary claim like the claim addressed subsequently by the contracting officer. The complaint does not assert an entitlement to a sum certain, but rather requests declaratory relief directing the Government to compensate Arko pursuant to FAR 52.237 rather than FAR 52.217-8. Arko I Compl. at Prayer. This request is similar to a request for declaratory relief converting a termination for default into a termination for convenience – while the claim for declaratory relief may have financial consequences, it is not the same claim as a claim for damages. In those situations, the Court has held that a claim for declaratory relief is not the same as a claim for damages. E.g., Sharman, 2 F.3d at 1572; Cincinnati Elec. Corp. v. United States, 32 Fed. Cl. 496, 501-02 (1994); see also Case, Inc. v. United States, 88 F.3d 1004, 1010-11 (Fed. Cir. 1996) (holding that a claim for progress payments based upon an allegedly improper termination for default was not the same claim as a claim for additional compensation over and above the progress payments based upon the allegedly improper termination for default). Furthermore, the claim for damages addressed by the contracting officer in his March 21, 2006 final decision was based upon facts not addressed in the earlier claim – namely the amount of damages if Arko were correct that FAR 52.237 should govern the compensation to be paid for services performed from April 1, 2005 through May 31, 2005.[2]

[2] The amount of damages that would be payable if plaintiff's interpretation of the contract were correct is not a matter currently before the Court on the parties cross motions for summary judgment. See Joint Status Report June 16, 2006.

Because the claim in Arko I for declaratory relief is not the same claim as the certified claim for a sum certain addressed by the contracting officer in his 2006 final decision, the contracting officer did not lack authority to issue the 2006 final decision. Therefore, the claim in Arko II for damages based upon the 2006 final decision was not barred pursuant to Sharman. For these reasons, the Court possesses jurisdiction to entertain the claims in Arko I and Arko II. For the reasons stated in our previous briefs, we respectfully request that the Court grant summary judgment in favor of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

February 28, 2007

Attorneys for Defendant